CT Corporation

**Service of Process Transmittal**
06/07/2016
CT Log Number 529293008

**TO:**   Amanda Ferguson
The Gap, Inc.
2 Folsom St Dept Law
San Francisco, CA 94105-1205

**RE:**   **Process Served in California**

**FOR:**   THE GAP, INC.   (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAURIE MUNNING, individually and on behalf of all others similarly situated, Pltf. vs. THE GAP, INC., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Complaint, Exhibit(s), Summons, Cover Sheet(s), Notice(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA Case # CGC16552215 |
| **NATURE OF ACTION:** | VIOLATION OF STATE CONSUMER PROTECTION STATUTES, VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT and IOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/07/2016 at 11:53 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Todd M. Friedman Law Offices of Todd M. Friedman 324 S. Beverly Dr. #725 Beverly Hills, CA 90212 877-2026-4741 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/08/2016, Expected Purge Date: 06/13/2016

Image SOP

Email Notification,  Octavia Cruz  Octavia_Cruz@gap.com

Email Notification,  Emiko Gatineau  Emiko_gatineau@gap.com

Email Notification,  Amanda Ferguson  Amanda_Ferguson@gap.com |
| **SIGNED:** **ADDRESS:** **TELEPHONE:** | C T Corporation System 818 West Seventh Street Los Angeles, CA 90017 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves  Recipient is responsible for interpreting said documents and for taking appropriate action  Signatures on certified mail receipts confirm receipt of package only, not contents

# COPY

## BY FAX

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The Gap, Inc.; Gap (Apparel) LLC; Gap International Sales, Inc.;
Banana Republic LLC; and Banana Republic (Apparel) LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAURIE MUNNING, individually and on behalf of all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is<br>*(El nombre y dirección de la corte es)*  Superior Court of San Francisco<br><br>400 McAllister St.<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso)*<br>**CGC -16-552215** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE<br>*(Fecha)* | MAY 2 5 2016 | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* | ARLENE RAMOS | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | |
|---|---|
| | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☐ on behalf of *(specify)*:<br><br>under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)<br>☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

# COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr , #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO: 877-206-4741  FAX NO: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Laurie Munning | **ENDORSED**<br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>MAY 25 2016<br><br>CLERK OF THE COURT<br>BY: _____ ARLENE RAMOS<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS 400 McAllister St.
MAILING ADDRESS
CITY AND ZIP CODE San Francisco, 94102
BRANCH NAME

CASE NAME:
Laurie Munning, et al v. The Gap, Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CGC - 16 - 552215**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case.

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [✓] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary, declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 11
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 24, 2016

Todd M Friedman
_(TYPE OR PRINT NAME)_                                       _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3 220 ) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule
- If this case is complex under rule 3 400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM 010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

# COPY

Law Offices of Todd M. Friedman, P.C.
Todd M. Friedman, Esq. (SBN 216752)
tfriedman@toddflaw.com
324 South Beverly Drive #725
Beverly Hills, CA 90212
Tel: 877-206-4741
Fax: 866-633-0228
*Attorney for Plaintiff*

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 25 2016

CLERK OF THE COURT
BY: _____ARLENE RAMOS_____
Deputy Clerk

JUN 0 7 2016
10:30

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SAN FRANCISCO
### UNLIMITED JURISDICTION

| | |
|---|---|
| LAURIE MUNNING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC.; GAP (APPAREL) LLC; GAP INTERNATIONAL SALES, INC.; BANANA REPUBLIC LLC; and BANANA REPUBLIC (APPAREL) LLC,<br><br>Defendants. | Case No.: **CGC-16-552215**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE & DECLARATORY RELIEF FOR VIOLATIONS OF CONSUMER FRAUD STATUTES AND COMMON LAW**<br><br>**JURY TRIAL DEMAND**<br><br>**(Amount to Exceed $25,000)** |

BY FAX

Plaintiff Laurie Munning, individually and on behalf of all others similarly situated, through her undersigned attorneys, files this class action Complaint against Defendants and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this nationwide class action against Defendants alleging violations of federal pricing regulations and the consumer protection laws and common law of numerous states.

2. Specifically, it is alleged that Defendants engaged in a systematic scheme of false and misleading advertising, marketing, and sales practices with respect to the sale of apparel and other personal items via their online Gap Factory and Banana Republic Factory store websites. This scheme, which is set forth in more detail herein, may be summarized as follows.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    3.    First, Defendants had, and continue to have, a policy of listing an arbitrary base

2    price for every item offered for sale on their websites, which purports to be each item's

3    "original" or "regular," non-discounted price. This practice is false and misleading because

4    most, if not all, items are never sold or offered for sale at the listed "original," non-discounted

5    prices, and no items are ever consistently sold or offered for sale at their non-discounted prices.

6    Rather, the items on Defendants' websites are regularly sold at prices that are lower than the

7    purported non-discounted prices.

8    4.    Second, Defendants perpetually advertise the items for sale on their websites at

9    purported "discount" or "sale" prices, which Defendants represent to be reduced or discounted

10    by a specified percentage off the items' "original" prices. For example, Defendants will offer a

11    dress for sale at a "discount" price of $44.98, which they advertise as "50% off" the dress's

12    purported "original" price of $89.99. See, e.g., Exhibit A. This practice is false and misleading

13    because the advertised discount percentage and "sale" price do not represent an actual discount,

14    as the items were never sold or offered for sale at their listed "original" prices.

15    5.    Because the vast majority – if not all – of the items on Defendants' websites are

16    never offered for sale at their listed "original," non-discounted prices, but rather are perpetually

17    offered for sale at purported "discount" or "sale" prices, the reduced prices advertised by

18    Defendants are not actually discounts at all, but rather the everyday, regular prices of the items.

19    6.    Federal regulations prohibit the advertising of false, "phantom" price reductions

20    and discounts off inflated, fictitious "regular" prices that never actually existed. See 16 C.F.R. §

21    233.1.

22    7.    Moreover, the consumer protection laws and common law of every state,

23    including California and New Jersey, prohibit deceptive advertising, marketing, and sales

24    practices, including advertising and selling items at purported discounts and offering price

25    advantages that do not exist.

26    8.    By advertising these purported discounts, which were never actually provided to

27    customers, and by selling items based on these non-existent discounts, Defendants have violated

28    numerous state consumer protection laws as well as the common law and federal regulations, as

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1 | set forth herein.

2 | 9. Plaintiff brings this lawsuit against Defendants to stop this unlawful practice, to

3 | recover for the proposed classes of customers of the online Gap Factory and Banana Republic

4 | Factory store websites the overcharges that they paid, and to obtain for customers the actual

5 | discounts they were entitled to receive but did not due to Defendants' deceptive practices.

6 | **PARTIES**

7 | 10. Plaintiff Laurie Munning is an individual and a resident and citizen of New

8 | Jersey. During the class period, Plaintiff purchased goods from Defendants' online Gap Factory

9 | and Banana Republic Factory store websites and suffered an ascertainable loss and monetary

10 | damages as a result of Defendants' unlawful conduct alleged herein.

11 | 11. Defendant The Gap, Inc. is a for-profit corporation formed and existing under the

12 | laws of the State of Delaware with its principal place of business at 2 Folsom Street, 13th Floor,

13 | San Francisco, California 94105, and thus is a citizen of Delaware and California.

14 | 12. Defendant Gap (Apparel) LLC is a for-profit limited liability company formed

15 | and existing under the laws of the State of California with its principal place of business at 2

16 | Folsom Street, 13th Floor, San Francisco, California 94105, and thus is a citizen of California.

17 | 13. Defendant Gap International Sales, Inc. is a for-profit corporation formed and

18 | existing under the laws of the State of Delaware with its principal place of business at 2 Folsom

19 | Street, 13th Floor, San Francisco, California 94105, and thus is a citizen of Delaware and

20 | California.

21 | 14. Defendant Banana Republic LLC is a for-profit limited liability company formed

22 | and existing under the laws of the State of Delaware with its principal place of business at 2

23 | Folsom Street, 13th Floor, San Francisco, California 94105, and thus is a citizen of Delaware and

24 | California.

25 | 15. Defendant Banana Republic (Apparel) LLC is a for-profit limited liability

26 | company formed and existing under the laws of the State of California with its principal place of

27 | business at 2 Folsom Street, 13th Floor, San Francisco, California 94105, and thus is a citizen of

28 | California.

LAW OFFICES OF TODD M. FRIEDMAN, P.C
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    16.    Upon information and belief, all Defendants have a parent-subsidiary relationship,

2    in that Defendants Gap (Apparel) LLC, Gap International Sales, Inc., Banana Republic LLC, and

3    Banana Republic (Apparel) LLC are each wholly-owned subsidiaries of Defendant The Gap, Inc.

4    17    At all times during the relevant class period, Defendants together owned and

5    operated, and continue to own and operate, approximately 889 Gap and Gap Factory retail stores,

6    and approximately 540 Banana Republic and Banana Republic Factory retail stores, throughout

7    the United States.

8    18.    Defendants also own and operate the online Gap, Gap Factory, Banana Republic,

9    and Banana Republic Factory store retail websites, which advertise, market, and sell retail

10   products in every state in the United States, and have done so throughout the relevant class

11   period.

12   19.    The Gap Factory and Banana Republic Factory store retail websites are, in effect,

13   one single website, located at http://www.bananarepublicfactory.gapfactory.com.  Consumers are

14   able -- and in fact are encouraged – to purchase items from both websites via a single

15   transactions.  In fact, Defendants advertise at the top of their websites:  "Shop both brands.

16   Check out once."

17   20.    Defendants jointly operate the online Gap Factory and Banana Republic Factory

18   store websites out of their headquarters in California, which operation entails, *inter alia*, the

19   creation and implementation of the advertising, marketing, and sales policies described herein,

20   including the sale of items.

21   21.    Defendants created the policies and procedures described herein and, at all times

22   during the relevant class period, participated in, endorsed, implemented, and performed the

23   conduct alleged herein.

24                          **JURISDICTION AND VENUE**

25   22.    This Court has *in personam* jurisdiction over the Defendants because, *inter alia*,

26   Defendants: (a) are headquartered in the State of California; (b) transacted business in this state;

27   (c) maintained continuous and systematic contacts in this state prior to and during the class

28   period; and (d) purposefully availed themselves of the benefits of doing business in this state.

1    Accordingly, the Defendants maintain minimum contacts with this state which are more than

2    sufficient to subject them to service of process and to comply with due process of law.

3         23.      *This Court has jurisdiction over the subject matter of this action by virtue of the*

4    fact that this is a civil action where in the matter in controversy, exclusive of interest and costs,

5    exceeds the jurisdictional minimum of the Court. The actions and omissions complained of took

6    place in the State of California, County of San Francisco.

7         24.      Venue is proper in the County of San Francisco because Defendants were within

8    the relevant class period, and continue to be, citizens of this County, in that the principal place of

9    business for each Defendant is located in this County.  Moreover, Defendants regularly

10    *transacted and continue to transact business in this County, in that Defendants operate their*

11    websites from this County and sell items on their websites from this County.

12         25.      Moreover, the "Terms of Use" set forth on Defendants' Gap Factory and Banana

13    Republic Factory online websites, which purport to give rise to a binding agreement between

14    Defendants and users of the sites, which include Plaintiff and the nationwide class members,

15    purport to require that any claims brought against Defendants regarding purchases made through

16    Defendants' websites be resolved by Courts of the State of California, County of San Francisco.

17                              **_FACTUAL ALLEGATIONS_**

18         26.      Defendants are in the for-profit business of selling apparel and other personal

19    items in their Gap, Gap Factory, Banana Republic, and Banana Republic Factory retail stores, as

20    well as via their online Gap, Gap Factory, Banana Republic, and Banana Republic Factory store

21    retail websites.

22         27.      This lawsuit concerns Defendants' false and misleading advertising, marketing,

23    and sales practices with respect to their illusory "discounting" of items sold on their online Gap

24    Factory and Banana Republic Factory store websites.

25         28.      Specifically, on both the Gap Factory and Banana Republic Factory store

26    websites, each item for offered for sale is, and was during the class period, assigned a base price,

27    which is listed on Defendants' websites and purports to be the "original" or "regular" price of

28    that item

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1  29.  This "original" price is illusory, however, because most – if not all – of the items

2  on Defendants' Gap Factory and Banana Republic Factory websites are never sold, or even

3  offered for sale, at their listed "original" prices.

4  30.  Rather, each of these items is and has always been offered for sale at a

5  "discounted" price that is much lower than its listed "original" price.

6  31.  For each such item, Defendants advertise that the "discounted" price represents a

7  certain percentage reduction off the "original" price.

8  32.  Thus, Defendants represent to their customers that the base price is the "original"

9  or "regular," non-discounted price of the item offered for sale, and the "sale" price is a

10  discounted price.

11  33.  By way of example, Defendants will offer a dress for sale at a "discount" price of

12  $44.98, and they will advertise – in red lettering – that this price is "50% off" the dress's

13  purported "original" price of $89.99.  See Exhibit A.

14  34.  The advertised price of the dress, which is set forth below its picture and

15  description on Defendants' websites, appear as follows:

16  ~~$89.99~~ 50% off

17  Now $44.98

18  See id.

19  35.  Upon information and belief, the dress was never sold or offered for sale at the

20  advertised "original" price, or was never consistently sold or offered for sale at this price.

21  36.  Because the dress was never sold or offered for sale at the advertised "original"

22  price, it is not actually discounted by 50%, and thus the 50% discount advertised by Defendants,

23  as well as the purported "sale" price, is false and misleading.

24  37.  Defendants follow this identical advertising and sales procedure for the vast

25  majority – if not all – of the items offered for sale on their Gap Factory and Banana Republic

26  Factory store retail websites.

27  38.  Indeed, the vast majority of the items offered for sale on Defendants' websites are

28  never sold or offered for sale at their listed "original" prices, and the few items that are offered

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    for sale at their "original" prices are so offered only for a very limited amount of time.

2       39.     Rather, nearly all of the items on Defendants' websites are always advertised as

3    being "on sale" and offered to the public at purported discounts, which Defendants typically

4    claim to be between 10% off and 50% off the "original" prices.

5       40.     Moreover, nearly all of the items on Defendants' websites remain at identical or

6    substantially similar prices every day, and are always offered for sale to customers at the same or

7    substantially similar prices, which Defendants advertise to be the items' "sale" or "discounted"

8    prices.

9       41.     Because Defendants' purported sale prices for these items never end, but rather

10    continue on a daily basis and are available anytime a customer visits Defendants' websites, they

11    are not actually discounted or sale prices at all, but rather constitute the everyday, regular prices

12    of the items.

13       42.     Upon information and belief, Defendants never significantly increase the price of

14    any item from its advertised sale price. Over time, however, Defendants may reduce the prices

15    of certain items – for example, to clear out excess inventory – resulting in an item being offered

16    for a lower price in a subsequent sale. The prices of such items are not raised back to the

17    original sale price, but remain at the reduced price (or eventually are reduced even further).

18       43.     This practice violates 16 C.F.R. § 233.1, which specifically prohibits the

19    advertising of false, "phantom" price reductions and discounts off inflated, fictitious "regular"

20    prices that never actually existed. *See id.*, stating:

21       **§ 233.1 Former price comparisons.**

22       **(a) One of the most commonly used forms of bargain advertising is to offer a**

23       **reduction from the advertiser's own former price for an article. If the former**

24       **price is the actual, bona fide price at which the article was offered to the**

25       **public on a regular basis for a reasonably substantial period of time, it**

26       **provides a legitimate basis for the advertising of a price comparison. Where**

27       **the former price is genuine, the bargain being advertised is a true one. <u>If, on</u>**

28       **<u>the other hand, the former price being advertised is not bona fide but</u>**

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

fictitious – for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $___"), unless substantial sales at that price were actually made.

    *      *      *

(d) Other illustrations of fictitious price comparisons could be given. An advertiser might use a price at which he never offered the article at all; he might feature a price which was not used in the regular course of business, or which was not used in the recent past but at some remote period in the past, without making disclosure of that fact; he might use a price that was not openly offered to the public, or that was not maintained for a reasonable length of time, but was immediately reduced.

(e) If the former price is set forth in the advertisement, whether accompanied or not by descriptive terminology such as "Regularly," "Usually," "Formerly," etc., the advertiser should make certain that the former price is not a fictitious one. If the former price, or the amount or percentage of reduction, is not stated in the advertisement, as when the ad merely states,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1  "Sale," the advertiser must take care that the amount of reduction is not so

2  insignificant as to be meaningless. It should be sufficiently large that the

3  consumer, if he knew what it was, would believe that a genuine bargain or

4  saving was being offered. An advertiser who claims that an item has been

5  "Reduced to $9.99," when the former price was $10, is misleading the

6  consumer, who will understand the claim to mean that a much greater, and

7  not merely nominal, reduction was being offered.

8       44.    Upon information and belief, the purported "original" prices of the items on

9  Defendants' websites are **"not bona fide but fictitious"** under 16 C.F.R. § 233.1 because the

10 items were never sold or offered for sale at those prices.

11      45.    Consequently, the purported **"reduced"** prices are **"in reality, ... [Defendants']**

12 **regular price[s]"** and **"the 'bargain[s]' being advertised"** by Defendants are **"false."** 16

13 C.F.R. § 233.1.

14      46.    What happened to Plaintiff Munning helps illustrate Defendants' unlawful

15 practices described herein.

16      47.    On March 15, 2016, Plaintiff Munning purchased from the Gap Factory retail

17 website a pair of "Factory multi-stripe swim trunks" (Item No. 8870110010002) for $16.99.  The

18 swim trunks were advertised to be on sale at a "32% off" discount from the purported original

19 retail price of $24.99.  See Exhibits A and B.

20      48.    The advertised price of the swim trunks, which was set forth below its picture and

21 description on Defendants' Gap Factory website, appeared as follows:

22            $24.99 32% off

23            Now $16.99

24      See id.

25      49.    As part of the same transaction, Plaintiff Munning also purchased from the

26 Banana Republic Factory retail website a "Factory Colorblock Ponte Sheath" dress (Item No.

27 1824830010010) for $44.98 and a "Factory Dolman Pontielle Sweater" (Item No.

28 1818810110002) for $45.98.  The dress was advertised to be on sale at a "50% off" discount

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    from the purported original retail price of $89.99, and the sweater was advertised to be on sale at

2    a "16% off" discount from the purported original retail price of $54.99.  See id.

3          50.    The advertised price of the dress, which was set forth below its picture and

4    description on Defendants' Banana Republic Factory website, appeared as follows:

5                  ~~$89.99~~ 50% off

6                  **Now $44.98**

7    See id.

8          51.    The advertised price of the sweater, which was set forth below its picture and

9    description on Defendants' Banana Republic Factory website, appeared as follows:

10                 ~~$54.99~~ 16% off

11                 **Now $45.98**

12    See id.

13          52.    Plaintiff Munning purchased the three items from Defendants' websites via a

14    single transaction on March 15, 2016 and paid a single payment to Defendants for the three items

15    that totaled $107.95.  See Exhibit B.

16          53.    On the following day, March 16, 2016, the prices of the swim trunks, dress, and

17    sweater remained unchanged.

18          54.    Indeed, the prices for the swim trunks, dress, and sweater remained unchanged for

19    the entire week following Plaintiff's purchase, as did the advertisements on Defendants' websites

20    related thereto.  See Exhibit A.

21          55.    Accordingly, during the week following Plaintiff's purchase of the swim trunks

22    for "32% off," the dress for "50% off," and the sweater for "16% off," none of the three items

23    was ever sold at its listed non-discounted, "original" price. Indeed, the prices of the three items

24    never exceeded the purported "discounted" or "sale" price that Plaintiff paid.

25          56.    Moreover, over one month later, the price of the swim trunks that Plaintiff

26    purchased had only slightly increased (by one dollar) to $17.99, which Defendants advertised to

27    be "28% off" the non-discounted, "original" price of $24.99. The price and purported discount

28    of the dress did not change – it was still offered for sale at a price of $44.98, which Defendants

1    advertised to be "50% off" the non-discounted, "original" price of $89.99.

2        57.    Upon information and belief, the three items purchased by Plaintiff were never

3    sold or offered for sale at the non-discounted, base prices listed on Defendants' websites, or were

4    never consistently sold or offered for sell at their advertised base prices.  Rather, the items were

5    always sold and offered for sale at a price at or near the purported "sale" price that Plaintiff paid.

6        58.    As such, the items that Plaintiff purchased were not actually on sale or discounted

7    at all when Plaintiff purchased them, as represented by Defendants, and they certainly were not

8    discounted to the extent claimed by Defendants.

9        59.    Moreover, the prices that Plaintiff paid for the items were not sale or discounted

10   prices at all, as represented by Defendants, but rather were the everyday, regular prices for the

11   items.

12       60.    Defendants' misrepresentations about the purported discounted prices of the items

13   were calculated and intended to, and did in fact, induce Plaintiff's purchase thereof.

14       61.    What happened to Plaintiff Munning was not an accident or an isolated incident.

15       62.    Rather, it was part of a uniform policy in which Defendants engaged in a

16   systematic scheme of false and misleading advertising, marketing, and sales practices with the

17   purpose of persuading customers to purchase items from Defendants' online Gap Factory and

18   Banana Republic Factory store websites.

19       63.    Defendants' specific unlawful practices include:

20           a.  Setting and advertising an arbitrary base price for every item on their

21               websites, which price purports to be the item's "original" or "regular" price

22               despite the fact that the items are never sold or offered for sale at this price;

23           b.  Advertising and purporting to offer items for sale at a discount off their

24               "original" prices, when the "discounted" sale prices do not actually represent

25               the advertised savings since the items were never offered for sale at the

26               "original" prices; and

27           c.  Representing that items are on sale and offered at discounted prices when in

28               fact the items are being offered for sale at their everyday, regular prices.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

64.     These unlawful practices go well beyond the three items that Plaintiff purchased, and are applied by Defendants to the vast majority – if not all – of the items on Defendants' websites.

65.     As described herein, the "sale" prices advertised by Defendants are not actually discounted prices at all, but rather are the everyday, regular prices of the items.

66.     Indeed, Defendants' purported "discounts" advertised on their websites and described herein did not exist. Rather, Defendants always sold their items at, or very close to, the "discounted" prices. As such, Defendants' allegedly reduced, "sale" prices were and are, in fact, Defendants' regular prices.

67.     These deceptive advertising, marketing, and sales practices were kept secret, and were affirmatively and fraudulent concealed from customers by Defendants throughout the class period. As a result, Plaintiff and her fellow Gap Factory and Banana Republic Factory online store customers were unaware of Defendants' unlawful conduct alleged herein and did not know they were actually paying the everyday, regular prices for Defendants' products, rather than the advertised, purported discount prices

68.     Plaintiff and the class members did not discover, nor could they have discovered through reasonable diligence, that Defendants were violating the law until shortly before this litigation was initially commenced, because Defendants used methods to avoid detection and to conceal their violations of the law.

69.     Defendants did not tell or otherwise inform Plaintiff or the class members that they were engaged in the deceptive advertising, marketing, and sales practices alleged herein. By their very nature, Defendants' unlawful practices were self-concealing.

70.     In sum, Defendants induced Plaintiff and the class members to purchase items from Defendants' online websites, for Defendants' profit, with the promise of discounts that never existed. As a result of this unlawful, deceptive conduct, Plaintiff and the class members have suffered damages set forth herein.

## CLASS ACTION ALLEGATIONS

71.     **Class Definition:** Plaintiff brings this action as a class action pursuant to

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1  California Code of Civil Procedure Section 382, seeking damages and injunctive relief under

2  state consumer protection statutes and common law on behalf of herself and all members of the

3  following two proposed classes:

4      **All United States citizens who purchased any discounted item from Defendants'**

5      **online Gap Factory store website between May 24, 2010 and the present.**

6      and

7      **All United States citizens who purchased any discounted item from Defendants'**

8      **online Banana Republic Factory store website between May 24, 2010 and the**

9      **present.**

10     72.    **Sub-Class Definition**: Plaintiff brings this action as a class action pursuant to

11  California Code of Civil Procedure Section 382, seeking damages and injunctive relief under

12  state consumer protection statutes and common law on behalf of herself and all members of the

13  following two proposed Sub-classes:

14     **All New Jersey citizens who purchased any discounted item from Defendants'**

15     **online Gap Factory store website between May 24, 2010 and the present.**

16     and

17     **All New Jersey citizens who purchased any discounted item from Defendants'**

18     **online Banana Republic Factory store website between May 24, 2010 and the**

19     **present.**

20     73.    The scope of the class definitions may be refined after discovery of Defendants'

21  and/or third party records.

22     74.    Each of the classes for whose benefit this action is brought is so numerous that

23  joinder of all members is impracticable.

24     75.    The exact number and identities of the persons who fit within each proposed class

25  are contained in Defendants' records and can be easily ascertained from those records.

26     76.    The proposed classes and subclasses are each composed of at least 10,000

27  persons.

28     77.    Common questions of law and fact exist as to each class member.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    78.    All claims in this action arise exclusively from uniform policies and procedures of

2  Defendants as outlined herein.

3    79.    No violations alleged in this Complaint are a result of any individualized oral

4  communications or individualized interaction of any kind between class members and

5  Defendants or anyone else.

6    80.    There are common questions of law and fact affecting the rights of the class

7  members, including, inter alia, the following:

8      a.    whether the uniform advertising, marketing, and sales practices alleged herein

9            exist;

10     b.    whether Defendants ever sold items or offered items for sale at their listed base

11           prices;

12     c.    whether Defendants' "sale" prices actually reflected the advertised savings;

13     d.    whether Defendants deceptively advertised everyday, regular prices of their

14           items as "discount" or "sale" prices;

15     e.    the length of time Defendants engaged in the practices alleged herein;

16     f.    whether the alleged practices violated state consumer protection laws;

17     g.    whether the alleged practices constituted a breach of contract;

18     h.    whether the alleged practices constituted a breach of the implied covenant of

19           good faith and fair dealing;

20     i.    whether the alleged practices constituted a breach of an express warranty;

21     j.    whether Defendants were unjustly enriched by the alleged practices;

22     k.    the nature and extent of the injury to the classes and the measure of class-wide

23           damages; and

24     l.    whether each class is entitled to injunctive relief in the form of an order directing

25           Defendant to send a court-approved notice to all class members, advising of the

26           conduct alleged herein, as well as an order enjoining the conduct alleged herein

27           and establishing a court-administered program to provide refunds of the

28           overcharges to all such class members.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    81.   Plaintiff is a member of the classes she seeks to represent.

2    82.   The claims of Plaintiff are not only typical of all class members, they are

3    identical.

4    83.   All claims of Plaintiff and the classes arise from the same course of conduct,

5    policy and procedures as outlined herein.

6    84.   All claims of Plaintiff and the classes are based on the exact same legal theories.

7    85.   Plaintiff seeks the same relief for herself as for every other class member.

8    86.   Plaintiff has no interest antagonistic to or in conflict with the classes.

9    87.   Plaintiff will thoroughly and adequately protect the interests of the classes, having

10   retained qualified and competent legal counsel to represent herself and the classes.

11   88.   Defendant has acted and/or refused to act on grounds generally applicable to the

12   classes, thereby making appropriate injunctive and declaratory relief for each class as a whole.

13   89.   The prosecution of separate actions by individual class members would create a

14   risk of inconsistent or varying adjudications with respect to individual members of each class,

15   which would confront Defendant with incompatible standards of conduct.

16   90.   Adjudications with respect to individual members of the classes would as a

17   practical matter be dispositive of the interests of other members not parties to the adjudications

18   and would substantially impair or impede their ability to protect their interests.

19   91.   A class action is superior to other available methods for the fair and efficient

20   adjudication of the controversy since, *inter alia*, the damages suffered by each class member

21   were not great enough to enable them to maintain separate suits against Defendants and in most,

22   if not all, instances were less than $5,000 per person.

23   92.   Common questions will predominate, and there will be no unusual manageability

24   issues.

25   93.   Without the proposed class action, Defendants will likely retain the benefit of

26   their wrongdoing and will continue the complained-of practices, which will result in further

27   damages to Plaintiff and class members.

28

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

## COUNT I

### VIOLATION OF STATE CONSUMER PROTECTION STATUTES

### (On Behalf of the Nationwide Classes)

94.     Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as if set forth fully herein.

95.     The state consumer protection statutes and deceptive trade practices acts were enacted by the various states following the passage of the Federal Trade Commission Act ("FTC Act"), which prohibits deceptive acts and practices in the sale of products to consumers. The state laws in this area are modeled on the FTC Act and are therefore very similar in content and effect.

96.     Defendants' advertising, marketing, and sales practices, as set out more fully above, were unfair and deceptive, and violated the consumer protection statutes and deceptive trade practices acts of the various states, in that they:

a.     Set and advertised an arbitrary base price for numerous items on their websites, which price was represented to be the item's "original" or "regular" price despite the fact that such items were never sold or offered for sale at that price;

b.     Continuously advertised and offered items for sale at a discount off their purported base prices, when the "discounted" sale prices did not actually represent the advertised savings since the items were never offered for sale at their base prices;

c.     Represented that items were on sale and offered at discounted prices when in fact the items were being offered for sale at their everyday, regular prices; and

d.     Charged their customers the full, regular price for the items on their websites rather than the advertised sale or discounted price.

97.     Defendants' deceptive representations of discounted sale prices impacted the consumer transactions between Defendants and Plaintiff and the class members, in that the deceptive representations: (a) deceived Plaintiffs and the class members into believing that they were receiving the advertised discounts when they purchased items from Defendants' websites; and (b) caused Plaintiff and the class members to purchase items from Defendants' websites with

1    the reasonable understanding that they would be receiving the advertised discounts.

2      98.    Plaintiff and every class member suffered an actual injury and monetary damages

3    because they did not receive the advertised discounts on their purchases.

4      99.    Defendants' deceptive advertising, marketing, and sales practices described herein

5    violated the following consumer protection statutes and deceptive trade practices acts, as well as

6    their related administrative regulations:

7      a.   Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1, *et seq.*;

8      b.   Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§

9        45.50.471, *et seq.*;

10      c.   Arizona Consumer Fraud Act, A.R.S. §§ 44-1522, *et seq* ;

11      d.   Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101, *et seq* ;

12      e.   California Consumers Legal Remedy Act, Cal. Civ. Code §§ 1750, *et seq.*, California

13        Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200, *et seq.*, and California

14        False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*;

15      f.   Colorado Consumer Protection Act, Col. Rev. Stat. §§ 6-1-101, *et seq.*;

16      g.   Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*;

17      h.   Delaware Consumer Fraud Act, 6 Del. Code Ann. Tit. 6, §§ 2511, *et seq.*;

18      i.   Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*,

19        Florida Misleading Advertising Statute, Fla. Stat. § 817.41, *et seq* ;

20      j.   Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370, *et seq.*,

21        Fair Business Practices Act, Ga. Code Ann. §§ 10-1-390, *et seq.*, and False

22        Advertising Statute, Ga. Code Ann. §§ 10-1-420, *et seq.*;

23      k.   Hawaii Federal Trade Commission Act, Haw Rev. Stat. §§ 480, *et seq.* and Uniform

24        Deceptive Trade Practice Act, Hawaii Rev. Stat. §§ 481A, *et seq.*;

25      l.   Idaho Consumer Protection Act, Idaho Code §§ 48-601, *et seq.*.

26      m.   Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*;

27      n.   Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, *et seq.*;

28      o.   Private Right of Action for Consumer Frauds Act, Iowa Code §§ 714H, *et seq.* and

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    Iowa Consumer Fraud Act, Iowa Code §§ 714.16 *et seq.*;

2    p. Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-623, *et seq.*;

3    q. Kentucky Consumer Protection Act, K.R.S. §§ 367.110, *et seq.*.

4    r. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann.

5    § 51:1401;

6    s. Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A-214, *et seq.*, Uniform

7    Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1211, *et seq.*;

8    t. Maryland Consumer Protection Act, Md. Code Ann. Com. Law §§ 13-101, *et seq.*;

9    u. Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass.

10   Gen. L. Ch. 93A, §§ 9, *et seq.*;

11   v. Michigan Consumer Protection Act, M.C.L. §§ 445.901, *et seq.*;

12   w. Minnesota Uniform Deceptive Trade Practices  Act, Minn. Stat. §§ 325 D. 44, *et seq.*,

13   Consumer Fraud Act, Minn. Stat. § 325 F. 69, False Statement in Advertisement

14   Statute, Minn. Stat. §325 F. 67, and Unlawful Trade Practices Act, Minn. Stat. § 325

15   D. 13;

16   x. Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407-010, *et seq.*;

17   y. Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. §§

18   30-14-101, *et seq.* and Statutory Deceit Statute, Mont. Code Ann. § 27-1-712;

19   z. Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601, *et seq.* and Uniform

20   Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301, *et seq.*;

21   aa. Nevada Deceptive Trade Statutes, Nev. Rev. Stat. §§598.0903, *et seq.*, §§ 41.600, *et seq.*;

22   bb. New Hampshire Regulation of Business Practices for Consumer Protection Act, N.H.

23   Rev. Stat. Ann. §§ 358-A:1, *et seq.*;

24   cc. New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.*;

25   dd. New Mexico Unfair Trade Practices Act, N.M. Stat. §§ 57-12-1, *et seq.*;

26   ee. New York General Business Law §§ 349 and 350;

27   ff. North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1,

28   *et seq.*;

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

gg. North Dakota Unfair Trade Practices Law, N.D. Cent. Code §§ 51-15-01, *et seq.*;

hh. Ohio Consumer Sales Practices Act, ORC §§ 1345.01, *et seq.*;

ii. Oklahoma Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751, *et seq.* and Deceptive Trade Practices Act, Okla. Stat. Tit. 78, § 51, *et seq* ;

jj. Oregon Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605, *et seq.* and Food and Other Commodities Act, Or. Rev. Stat. §§ 616.005, *et seq.*;

kk. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1, *et seq.*;

ll. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Law §§ 6-13.1-1, *et seq.*;

mm. South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10, *et seq.*;

nn. South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-1, *et seq.*;

oo. Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41, *et seq.*;

pp. Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*;

qq. Utah Consumer Sales Practices Act, Utah Code Ann . §§ 13-11-1, *et seq* and Truth in Advertising Act, Utah Code Ann. §§ 13-11a-1, *et seq.*;

rr. Vermont Consumer Fraud Act, 9 V.S.A. §§ 2451, *et seq.*;

ss. Virginia Consumer Protection Act, Va. Code §§ 59.1-196, *et seq.*;

tt. Washington Consumer Protection Act, Wash. Rev. Code Ann. §§ 19.86.010, *et seq.*;

uu. West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-6-101, *et seq.*;

vv. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18(1), *et seq.*;

ww. Wyoming Consumer Protection Law, Wyo. Stat. §§ 40-12-101, *et seq.*; and

xx. District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, *et seq.*

100.    At all relevant times hereto, including at all times during the transactions between Defendants and Plaintiff and the class members, Defendants' advertising, marketing, and sales

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1   practices were subject to these statutes.

2       101.    Defendants' violations of these statutes directly, foreseeably, and proximately

3   caused damages to Plaintiffs and the nationwide classes in amounts yet to be determined.

4       102.    Plaintiff and class members in each of the above states have been injured as a

5   result of Defendants' unlawful advertising, marketing, and sales practices, in that they were

6   deceived and induced into paying full price for products that Defendants represented were on

7   sale or discounted.  These injuries are precisely the type that the above-cited laws were designed

8   to prevent.

9       103.    Moreover, because Defendant's conduct described herein is a violation of 16

10  C.F.R. § 233.1, as set forth above, such conduct constitutes a *per se* violation of the above-cited

11  laws.

12      104.    Plaintiff and the class members reasonably and justifiably expected Defendants to

13  comply with applicable law, but Defendants failed to do so.

14      105.    In addition, Defendants have profited significantly from their illicit advertising,

15  marketing, and sales practices identified herein.  Defendants' profits derived from these practices

16  come at the expense and to the detriment of Plaintiff and the class members.

17      106.    As a direct and proximate result of Defendants' violations, Plaintiff and the class

18  members have been injured and have suffered actual damages for which Defendants are liable, in

19  an amount to be established at trial.

20      107.    Accordingly, Plaintiff and the class members in each of the above jurisdictions

21  seek damages (including statutory damages where applicable), to be trebled or otherwise

22  increased as permitted by the respective jurisdiction's applicable law, and costs of suit, including

23  reasonable attorney's fees and costs, to the extent permitted by the respective state laws.

24                              **COUNT II**

25          **VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,**

26                      **CAL. CIV. CODE § 1750, *et seq.***

27                      **(On Behalf of the Nationwide Classes)**

28      108.    Plaintiff realleges and incorporates by reference all previous paragraphs of this

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    Complaint as if set forth fully herein.

2       109.    Plaintiff brings this claim individually and on behalf of all other nationwide class

3    members who purchased items from Defendants' website pursuant to the California Consumers

4    Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CCLRA"), because the actions of

5    Defendants, and their conduct described herein, constitute transactions that have resulted in the

6    sale of goods to consumers.

7       110.    California law applies to the claims of Plaintiff and the nationwide classes

8    because Defendants are citizens of California and performed the acts complained of herein in

9    California, including advertising the fictitious price discounts and selling products based

10    thereupon. Moreover, the "Terms of Use" set forth on Defendants' Gap Factory and Banana

11    Republic Factory online websites, which purport to give rise to a binding agreement between

12    Defendants and users of the sites, which include Plaintiff and the nationwide class members,

13    purport to apply California law to any claims brought against Defendants regarding purchases

14    made through Defendants' websites.

15       111.    Plaintiff and each class member are consumers as defined by California Civil

16    Code § 1761(d).

17       112.    The items offered for sale on Defendants' websites are goods within the meaning

18    of California Civil Code § 1761(a). Defendants intended to, and did in fact, sell these items to

19    Plaintiff and the classes.

20       113.    Defendants violated the CCLRA in at least the following respects:

21       a.       in violation of § 1770(a)(5), Defendants represented that the items on their

22    websites have characteristics which they do not have (*i.e.*, that the items have an

23    "original" price when they do not, and are being offered for sale at a discounted price

24    when they are not);

25       b.       in violation of § 1770(a)(9), Defendants advertised the items on their websites

26    with intent not to sell them as advertised (*i.e.*, the items were advertised as being on sale

27    when Defendants intended to, and did in fact, sell them at their regular prices);

28

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    c.    in violation of § 1770(a)(13), Defendants have made false and misleading

2    statements of fact concerning the existence and amounts of price reductions (*i.e.*, by

3    advertising discounts and offering sale prices that did not exist); and

4    d.    in violation of § 1770(a)(16), Defendants represented that the items on their

5    websites have been supplied in accordance with previous representations (*i.e.*, that they

6    were sold at a discounted price) when they were not.

7    114.    By the acts alleged herein, Defendants have violated the CCLRA. Specifically,

8    Defendants:

9    a.    Set and advertised an arbitrary base price for numerous items on their websites,

10   which price was represented to be the item's "original" or "regular" price despite the fact

11   that such items were never sold or offered for sale at that price;

12   b.    Continuously advertised and offered items for sale at a discount off their

13   purported base prices, when the "discounted" sale prices did not actually represent the

14   advertised savings since the items were never offered for sale at their base prices;

15   c.    Represented that items were on sale and offered at discounted prices when in fact

16   the items were being offered for sale at their everyday, regular prices; and

17   d.    Charged their customers the full, regular price for the items on their websites

18   rather than the advertised sale or discounted price.

19   115.    Defendants knew, or should have known, that their representations,

20   advertisements, and actions were false and misleading.

21   116.    These acts and omissions constitute unfair, deceptive, and misleading business

22   practices in violation of California Civil Code § 1770(a).

23   117.    On March 28, 2016, Plaintiff sent notice to Defendants in writing, by certified

24   mail, of the violations alleged herein and demanded that Defendants remedy those violations

25   with respect to herself and the classes.

26   118.    To date, Defendants have not remedied their practices complained of herein.

27   119.    Defendants' conduct was malicious, fraudulent, and wanton in that Defendants

28   intentionally and knowingly provided misleading information to the public.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    120.    Plaintiff and each nationwide class member were injured in fact and lost money

2  as a result of Defendants' deceptive conduct.

3    121.    Plaintiff now seeks actual, punitive, and statutory damages pursuant to the

4  CCLRA for herself and the nationwide classes.

5  **COUNT III**

6  **VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW,**

7  **CAL. BUS. & PROF. CODE § 17200, *et seq.***

8  **(On Behalf of the Nationwide Classes)**

9    122.    Plaintiff realleges and incorporates by reference all previous paragraphs of this

10  Complaint as if set forth fully herein.

11    123.    Plaintiff brings this claim individually and on behalf of the nationwide classes.

12    124.    The California Unfair Competition Law, California Business & Professions

13  Code § 17200, *et seq.* (the "CUCL"), prohibits acts of "unfair competition," which is defined as

14  including "any unlawful, unfair or fraudulent business act or practice ...."

15    125.    By the acts alleged herein, Defendants have engaged in unfair competition and

16  unfair, unlawful, or fraudulent business practices in violation of the CUCL.  Specifically,

17  Defendants:

18    a.    Set and advertised an arbitrary base price for numerous items on their websites,

19      which price was represented to be the item's "original" or "regular" price despite the fact

20      that such items were never sold or offered for sale at that price;

21    b.    Continuously advertised and offered items for sale at a discount off their

22      purported base prices, when the "discounted" sale prices did not actually represent the

23      advertised savings since the items were never offered for sale at their base prices;

24    c.    Represented that items were on sale and offered at discounted prices when in fact

25      the items were being offered for sale at their everyday, regular prices; and

26    d.    Charged their customers the full, regular price for the items on their websites

27      rather than the advertised sale or discounted price.

28    126.    Defendants intentionally and purposefully concealed these actions from Plaintiff

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1  and the class members.

2      127.    Defendants' conduct was unlawful in that it violates, without limitation, the

3  CCLRA, and California's False Advertising Law, California Business & Professions Code §

4  17500, *et seq.* (the "CFAL"). Defendants' conduct was unfair in that it offends established

5  public policy and/or is immoral, unethical, oppressive, unscrupulous, and substantially injurious

6  to Plaintiff and the class members. The harm to Plaintiff and the class members arising from

7  Defendants' conduct outweighs any legitimate benefit Defendants derived from the conduct.

8  Defendants' conduct undermines and violates the stated spirit and policies underlying the

9  CCLRA and the CFAL as alleged herein. Defendants' actions and practices constitute fraudulent

10  business practices in violation of the CUCL because, among other things, they are likely to

11  deceive reasonable consumers. Plaintiff and the class members justifiably relied on Defendants'

12  representations and omissions.

13      128.    These acts and practices have deceived Plaintiff and the class members and are

14  likely to deceive persons targeted by such statements and omissions. In failing to disclose their

15  unlawful sales and marketing practices, Defendants breached their duties to disclose these facts,

16  violated the CUCL, and caused injuries to Plaintiff and the class members. The omissions and

17  acts of concealment by Defendants pertained to information that was material to Plaintiff and the

18  class members, as it would have been to all reasonable consumers.

19      129.    Due to the deceptive nature of Defendants' actions, the injuries suffered by

20  Plaintiff and the class members were not reasonably avoidable.

21      130.    Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or

22  practices by Defendants, to obtain restitutionary disgorgement of all monies and revenues

23  generated as a result of such practices, and all other relief allowed under the CUCL.

24                        **COUNT IV**

25      **VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW,**

26          **CAL. BUS. & PROF. CODE § 17500, *et seq.***

27              **(On Behalf of the Nationwide Classes)**

28      131.    Plaintiff realleges and incorporates by reference all previous paragraphs of this

1  Complaint as if set forth fully herein.

2      132.    Plaintiff brings this claim individually and on behalf of the nationwide classes.

3      133.    By the acts alleged herein, Defendants have publicly disseminated untrue or

4  misleading advertising and have intended not to sell the items on their websites as advertised, in

5  violation of the CFAL.  Specifically, Defendants:

6      a.    Set and advertised an arbitrary base price for numerous items on their websites,

7  which price was represented to be the item's "original" or "regular" price despite the fact

8  that such items were never sold or offered for sale at that price;

9      b.    Continuously advertised and offered items for sale at a discount off their

10  purported base prices, when the "discounted" sale prices did not actually represent the

11  advertised savings since the items were never offered for sale at their base prices;

12      c.    Represented that items were on sale and offered at discounted prices when in fact

13  the items were being offered for sale at their everyday, regular prices; and

14      d.    Charged their customers the full, regular price for the items on their websites

15  rather than the advertised sale or discounted price.

16      134.    Defendants committed such violations of the CFAL with actual knowledge that

17  their advertising was untrue or misleading, or in the exercise of reasonable care should have

18  known that their advertising was untrue or misleading.

19      135.    Plaintiff and the class members reasonably relied on Defendants' representations

20  and/or omissions made in violation of the CFAL.

21      136.    As a direct and proximate result of these violations, Plaintiff and the class

22  members suffered injury and fact and lost money.

23      137.    Plaintiff, individually and on behalf of the class members, seeks equitable relief in

24  the form of an order requiring Defendants to refund Plaintiff and all class members all monies

25  they paid for the items they purchased via Defendants' websites, and injunctive relief in the form

26  of an order prohibiting Defendants from engaging in the alleged misconduct and performing a

27  corrective advertising campaign.

28

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

## COUNT V

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

### N.J.S.A. 56:8-1, *et seq.*

#### (On Behalf of the New Jersey Subclasses)

138.   Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

139.   Plaintiff brings this claim individually and on behalf of all other New Jersey subclass members who were customers of Defendants' online Gap Factory and Banana Republic Factory store websites.

140.   The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (the "NJCFA"), applies to all sales made by Defendants to New Jersey consumers from Defendants' Gap Factory and Banana Republic Factory store websites.

141.   The NJCFA was enacted to protect consumers against sharp and unconscionable commercial practices by persons engaged in the sale of goods or services. *See Marascio v. Campanella*, 689 A.2d 852, 857 (N.J. Ct. App. 1997).

142.   The NJCFA is a remedial statute which the New Jersey Supreme Court has repeatedly held must be construed liberally in favor of the consumer to accomplish its deterrent and protective purposes. *See Furst v. Einstein Moomjy, Inc.*, 860 A.2d 435, 441 (N.J. 2004) ("The [NJCFA] is remedial legislation that we construe liberally to accomplish its broad purpose of safeguarding the public.").

143.   "The available legislative history demonstrates that the [NJCFA] was intended to be one of the strongest consumer protection laws in the nation." *New Mea Const. Corp. v. Harper*, 497 A.2d 534, 543 (N.J. Ct. App. 1985).

144.   For this reason, the "history of the [NJCFA] is one of constant expansion of consumer protection." *Kavky v. Herbalife Int'l of Am.*, 820 A.2d 677, 681-82 (N.J. Ct. App. 2003).

145.    The NJCFA was intended to protect consumers "by eliminating sharp practices and dealings in the marketing of merchandise and real estate." *Lemelledo v. Beneficial Mgmt. Corp.*, 696 A.2d 546, 550 (N.J. 1997).

146.    Specifically, N.J.S.A. 56:8-2 prohibits "unlawful practices, ..." which are defined as:

> **The act, use or employment of any unconscionable commercial practice, deception, fraud, false pretense, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission whether or not any person has in fact been misled, deceived or damaged thereby.**

147.    The catch-all term "unconscionable commercial practice" was added to the NJCFA by amendment in 1971 to ensure that the Act covered, *inter alia*, "incomplete disclosures." *Skeer v. EMK Motors, Inc.*, 455 A.2d 508, 512 (N.J. Ct. App. 1982).

148.    In describing what constitutes an "unconscionable commercial practice," the New Jersey Supreme Court has noted that it is an amorphous concept designed to establish a broad business ethic. *See Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994).

149.    In order to state a cause of action under the NJCFA, a plaintiff does not need to show reliance by the consumer. *See Varacallo v. Massachusetts Mut. Life Ins. Co.*, 752 A.2d 807 (N.J. App. Div. 2000); *Gennari v. Weichert Co. Realtors*, 691 A.2d 350 (N.J. 1997) (holding that reliance is not required in suits under the NJCFA because liability results from "misrepresentations whether 'any person has in fact been misled, deceived or damaged thereby").

150.    Rather, the NJCFA requires merely a causal nexus between the false statement and the purchase, not actual reliance. *See Lee, supra*, 4 A.3d at 579 ("causation under the [NJCFA] is not the equivalent of reliance").

151.    As stated by the New Jersey Supreme Court in *Lee, supra*, 4 A.3d at 580, "It bears repeating that the [NJCFA] does not require proof of reliance, but only a causal connection between the unlawful practice and ascertainable loss."

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1 152. By the acts alleged herein, Defendants have violated the NJCFA.  Specifically,

2 Defendants:

3  a. Set and advertised an arbitrary base price for numerous items on their websites,

4 which price was represented to be the item's "original" or "regular" price despite the fact

5 that such items were never sold or offered for sale at that price;

6  b. Continuously advertised and offered items for sale at a discount off their

7 purported base prices, when the "discounted" sale prices did not actually represent the

8 advertised savings since the items were never offered for sale at their base prices;

9  c. Represented that items were on sale and offered at discounted prices when in fact

10 the items were being offered for sale at their everyday, regular prices; and

11  d. Charged their customers the full, regular price for the items on their websites

12 rather than the advertised sale or discounted price.

13 153. These uniform practices by Defendants constitute sharp and unconscionable

14 commercial practices relating to the sale of goods in violation of the NJCFA, N.J.S.A. § 56:8-1,

15 *et seq.*

16 154. As alleged herein, Defendant has engaged in deceptive conduct which creates a

17 likelihood of confusion or misunderstanding.

18 155. These actions also constitute "omission[s] of any material fact with intent that

19 others rely upon such concealment," as Defendants did not inform Plaintiff and the class

20 members that the items offered for sale on their websites were not actually discounted at all, but

21 rather were being sold at their everyday, regular prices.  Defendants purposefully omitted this

22 information so that their customers would believe that they were getting a discounted price on

23 the items they purchased from Defendants, when in fact they were not.

24 156. As such, Defendants have acted with knowledge that its conduct was deceptive

25 and with intent that such conduct deceive purchasers.

26 157. Moreover, because Defendant's conduct described herein is a violation of 16

27 C.F.R. § 233.1, such conduct constitutes a *per se* violation of the CFA, N.J.S.A. § 56:8-1, <u>et seq.</u>

28

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1    158.    Plaintiff and the class members reasonably and justifiably expected Defendants to

2  comply with applicable law, but Defendants failed to do so.

3    159.    As a direct and proximate result of these unlawful actions by Defendants, Plaintiff

4  and the New Jersey subclasses have been injured and have suffered an ascertainable loss of

5  money.

6                                    <u>**COUNT VI**</u>

7        **VIOLATION OF THE NEW JERSEY TRUTH IN CONSUMER CONTRACT,**

8              **WARRANTY AND NOTICE ACT, N.J.S.A. § 56:12-14, *et seq.***

9                      **(On Behalf of the New Jersey Subclasses)**

10    160.    Plaintiff realleges and incorporates by reference all previous paragraphs of this

11  Complaint as if fully set forth herein.

12    161.    Plaintiff brings this claim individually and on behalf of all other New Jersey

13  subclass members who were customers of Defendants' online Gap Factory and Banana Republic

14  Factory stores.

15    162.    Plaintiff and the New Jersey subclass members are "consumers" within the

16  meaning of N.J.S.A. §§ 56:12-15 and 16.

17    163.    Defendants are "sellers" within the meaning of N.J.S.A. §§ 56:12-15 and 16.

18    164.    The advertisements and representations on Defendants' websites, stating, *e.g.*, that

19  the items on the websites are being offered for sale at a discounted price, is both a consumer

20  "notice" and "warranty" within the meaning of N.J.S.A. §§ 56:12-15 and 16.

21    165.    By the acts alleged herein, Defendants have violated N.J.S.A. § 56:12-16 because,

22  in the course of Defendants' business, Defendants have offered written consumer notices and

23  warranties to Plaintiff and the New Jersey subclass members which contained provisions that

24  violated their clearly established legal rights under state law and federal regulations, within the

25  meaning of N.J.S.A. § 56:12-15.

26    166.    Specifically, the clearly established rights of Plaintiff and the New Jersey

27  subclasses under state law include the right not to be subjected to unconscionable commercial

28

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1   practices and false written affirmative statements of fact in the sale of goods, as described herein,

2   which acts are prohibited by the NJCFA, N.J.S.A. § 56:8-2.

3       167.    Further, the clearly established rights of Plaintiff and the New Jersey subclasses

4   under federal law include the right not to be subjected to false advertising in violation of 16

5   C.F.R. § 233.1.

6       168.    Pursuant to N.J.S.A. § 56:12-17, Plaintiff seeks a statutory penalty of $100 for

7   each New Jersey subclass member, as well as actual damages and attorneys' fees and costs.

8                               **COUNT VII**

9                           **BREACH OF CONTRACT**

10          **(On Behalf of the Nationwide Classes and New Jersey Subclasses)**

11      169.    Plaintiff realleges and incorporates by reference all previous paragraphs of this

12  Complaint as if fully set forth herein.

13      170.    Plaintiff and the class members entered into contracts with Defendants.

14      171.    The contracts provided that Plaintiff and the class members would pay

15  Defendants for their products.

16      172.    The contracts further provided that Defendants would provide Plaintiff and the

17  class members a specific discount on the price of their purchases.  This specified discount was a

18  specific and material term of each contract.

19      173.    Plaintiff and the class members paid Defendants for the products they purchased,

20  and satisfied all other conditions of the contracts.

21      174.    Defendants breached the contracts with Plaintiff and the class members by

22  failing to comply with the material term of providing the promised discount, and instead charged

23  Plaintiff and the class members the full price of the products they purchased.

24      175.    As a direct and proximate result of Defendants' breach, Plaintiff and the class

25  members have been injured and have suffered actual damages in an amount to be established at

26  trial.

27

28

CLASS ACTION COMPLAINT

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

## COUNT VIII

### BREACH OF CONTRACT UNDER THE IMPLIED COVENANT

### OF GOOD FAITH AND FAIR DEALING

**(On Behalf of the Nationwide Classes and New Jersey Subclasses)**

176.    Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

177.    There was no written contract between Defendants and their customers, including Plaintiff and the class members.

178.    Rather, by operation of the law of each state, there existed an implied contract for the sale of goods between each customer who purchased items from Defendants' Gap Factory and Banana Republic Factory store websites.

179.    By operation of the law of each state, there also existed an implied duty of good faith and fair dealing in each such contract.

180.    By the acts alleged herein, Defendants have violated that duty of good faith and fair dealing, thereby breaching the implied contract between Defendant and each class member.

181.    Specifically, it was a violation of the duty of good faith and fair dealing for Defendants to represent that the items on their websites were discounted when in fact they were offered for sale at their regular prices, and to charge Plaintiff and class members the regular prices for such items instead of the advertised, discounted prices.

182.    As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff and the class members have been injured and have suffered actual damages in an amount to be established at trial.

### COUNT IX

### BREACH OF EXPRESS WARRANTY

**(On Behalf of the Nationwide Classes and New Jersey Subclasses)**

183.    Plaintiff realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

184.    Plaintiff and the class members formed contracts with Defendants at the time they

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1   purchased items from Defendants' websites. The terms of such contracts included the promises

2   and affirmations of fact made by Defendants through their marketing campaign, as alleged

3   herein, including, but not limited to, representing that the items for sale on Defendants' Gap

4   Factory and Banana Republic Factory websites were being discounted.

5         185.    This product advertising constitutes express warranties, became part of the basis

6   of the bargain, and is part of the contracts between Defendants and Plaintiff and the class

7   members.

8         186.    The affirmations of fact made by Defendants were made to induce Plaintiff and

9   the class members to purchase items from Defendants' websites.

10        187.    *Defendants intended that Plaintiff and the class members would rely on those*

11   *representations in making their purchases, and Plaintiff and the class members did so.*

12        188.    All conditions precedent to Defendants' liability under these express warranties

13   have been fulfilled by Plaintiff and the class members in terms of paying for the goods at issue,

14   or have been waived. Defendants had actual and/or constructive notice of their own false

15   advertising, marketing, and sales practices but to date have taken no action to remedy their

16   breaches of express warranty.

17        189.    Defendants breached the terms of the express warranty because the items

18   purchased by Plaintiff and the class members did not conform to the description provided by

19   Defendants – that they were being sold at a discounted price. In fact, they were not.

20        190.    As a direct and proximate result of Defendants' breach of express warranty,

21   *Plaintiff and the class members have been injured and have suffered actual damages in an*

22   *amount to be established at trial.*

23                                    <u>COUNT X</u>

24                          **UNJUST ENRICHMENT**

25           **(On Behalf of the Nationwide Classes and New Jersey Subclasses)**

26        191.    Plaintiff realleges and incorporates by reference all previous paragraphs of this

27   Complaint as if fully set forth herein.

28        192.    This claim is asserted in the alternative to a finding of breach of contract. This

1   claim asserts that it is unjust to allow Defendants to retain profits from their deceptive,

2   misleading, and unlawful conduct alleged herein.

3        193.   Plaintiff and the class members were charged by -- and paid -- Defendants for the

4   items they purchased from Defendants' websites.   Consequently, Plaintiffs and the classes have

5   conferred substantial benefits on Defendants by purchasing the items, and Defendants have

6   knowingly and willingly accepted and enjoyed these benefits.

7        194.   Defendants represented that these items were discounted, with the specific intent

8   that such representation would induce customers to purchase said items.

9        195.   As detailed herein, the items purchased by Plaintiff and the class members were

10  not discounted.

11       196.   Because the items were advertised as being discounted when they actually were

12  not, Defendants collected more money than they would have if the items were discounted as

13  promised.

14       197.   As a result of these complained-of actions by Defendants, Defendants received

15  benefits under circumstances where it would be unjust for them to retain those benefits.

16       198.   Defendants have knowledge or an appreciation of the benefit conferred upon them

17  by Plaintiff and the class members.

18       199.   Equity demands disgorgement of Defendants' ill-gotten gains.   Defendants will be

19  unjustly enriched unless Defendants are ordered to disgorge those profits for the benefit of

20  Plaintiff and the class members.

21       200.   Plaintiff and the class members are entitled to restitution and/or disgorgement of

22  all profits, benefits, and other compensation obtained and retained by the Defendants from their

23  deceptive, misleading, and unlawful conduct described herein.

## COUNT XI

### NEGLIGENT MISREPRESENTATION

**(On Behalf of the Nationwide Classes and the New Jersey Subclasses)**

27       201.   Plaintiff realleges and incorporates by reference all previous paragraphs of this

28  Complaint as if fully set forth herein.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1      202.    Defendants have negligently represented that the items offered for sale on their

2   Gap Factory and Banana Republic Factory store websites are discounted, when in fact they are

3   not.

4      203.    This is a material fact that Defendants have misrepresented to the public,

5   including Plaintiff and the class members.

6      204.    Defendants know that the prices of the items offered for sale on their websites –

7   and specifically whether such prices are discounted or sale prices – are material to the reasonable

8   consumer, and Defendants intend for consumers to rely upon such misstatements when choosing

9   to purchase items from their websites.

10     205.    Defendants knew or should have known that these misstatements or omissions

11   would materially affect Plaintiff's and the class members' decisions to purchase items from their

12   websites.

13     206.    Plaintiff and other reasonable consumers, including the class members,

14   reasonably relied on Defendants' representations set forth herein, and, in reliance thereon,

15   purchased items from Defendants' websites.

16     207.    The reliance by Plaintiff and the class members was reasonable and justified in

17   that Defendants appeared to be, and represented themselves to be, a reputable business.

18     208.    Plaintiff and the class members would not have been willing to pay for the items

19   they purchased, or would not have paid what they paid for the items they purchased, if they knew

20   that such items were not in fact discounted from their everyday, regular prices.

21     209.    As a direct and proximate result of Defendants' misrepresentations, Plaintiff and

22   the class members were induced to purchase items from Defendants' websites, and have suffered

23   damages to be determined at trial, in that, among other things, they have been deprived of the

24   benefit of their bargain in that they bought a items that were purported to be discounted, when in

25   fact they were not.

26     210.    Plaintiffs seek all available remedies, damages, and awards as a result of

27   Defendants' negligent misrepresentations.

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this case be certified and maintained as a class action and for judgment to be entered in favor of Plaintiff and the classes against Defendants as follows:

A.    Enter an order certifying the proposed classes, designating Plaintiff as the representative for each class, and designating the undersigned as class counsel;

B.    Declare that Defendants are financially responsible for notifying all class members of their deceptive advertising, sales, and marketing practices alleged herein;

C.    Declare that Defendants must disgorge, for the benefit of the classes, all or part of the ill-gotten profits they received from their deceptive advertising, sales, and marketing practices alleged herein, or order Defendants to make full restitution to Plaintiffs and the members of the classes;

D.    Find that Defendants' conduct alleged herein be adjudged and decreed in violation of the state laws cited above;

E.    Grant economic and compensatory damages on behalf of Plaintiff and all members of the classes, to the maximum extent permitted by applicable law;

F.    Grant punitive or exemplary damages as permitted by law;

G.    Grant the requested injunctive and declaratory relief;

H.    Award interest as permitted by law;

I.    Grant reasonable attorneys' fees and reimbursement all costs incurred in the prosecution of this action; and

J.    Grant such other relief as this Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2      211.    Plaintiff hereby demands a trial by jury as to all issues so triable.

3

4    Dated: May 24, 2016          **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

5

6                                 By: _____

7                                        Todd M. Friedman, Esq.

8                                 and

9                                 PARIS ACKERMAN & SCHMIERER LLP
                                  Ross H. Schmierer, Esq. (*pro hac vice* pending)
10                                ross@paslawfirm.com
                                  103 Eisenhower Parkway
11                                Roseland, NJ 07068
                                  Tel:  973-228-4860
12                                Fax:  973-629-1246

13                                and

14                                DeNITTIS OSEFCHEN, P.C.
15                                Stephen P. DeNittis, Esq. (*pro hac vice* pending)
                                  sdenittis@denittislaw.com
16                                5 Greentree Centre
                                  *525 Route 73 North, Suite 410*
17                                Marlton, NJ 08053
                                  Tel.: (856) 797-9951
18                                Fax: (856) 797-9978

19

20                                *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28



LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

**EXHIBIT A**

CLASS ACTION COMPLAINT

 

We've redirected you to this page to help you find 8870110010002.



## Factory multi-stripe swim trunks

~~$24.99~~ **32% off**

# Now $16.99

Color: **multi 1cc**

Size:

XS          S          M          L          XL          XXL

**Fit & Sizing**                                                                          SIZE GUIDE

Quantity:

**1**

## ADD TO BAG

**fabric & care**

- 100% Polyester.
- Machine wash
- Imported.

**product details**

**shipping & returns**

STORE LOCATOR

CUSTOMER SERVICE

ORDERS & RETURNS

GIFT CARDS

GAP CREDIT CARD

EMAIL SIGN UP

*Factory multi-stripe swim trunks | Gap Factory*

## SHOP BANANA REPUBLIC FACTORY

© 1997 - 2016 Gap Inc. | Privacy Policy | Interest Based Ads | Your California Privacy Rights | Terms of Use | Careers |
Social Responsibility | About Gap Inc.

Americans with Disabilities Act

*Gap Factory*     *Banana Republic Factory*



You have been redirected to this page as a result of your search for "1818810110002".



## Factory Dolman Pontielle Sweater

~~$54.99~~ 16% off

# Now $45.98

**Color: Blue fairy**

clearance

 

**Size:**

XS       

## FIT & SIZING                                                SIZE GUIDE

- Hits at the hip.

**Quantity:**

1

## ADD TO BAG

## FABRIC & CARE

- 50% Acrylic, 50% Viscose.
- Machine wash.
- Imported.

## PRODUCT DETAILS

## SHIPPING & RETURNS

---

## BANANA REPUBLIC FACTORY
## EXCLUSIVE PRODUCTS,
## EXCEPTIONAL SAVINGS
Love what you see?
Find even more great styles in store.

Deals straight to your phone!

TEXT **DEAL** TO **28500**

Receive a coupon &
future offers to your phone!
DETAILS

STORE LOCATOR

CUSTOMER SERVICE

ORDERS & RETURNS

BANANA REPUBLIC CREDIT CARD

EMAIL SIGN UP

SHOP GAP FACTORY

© 2001-2016 BananaRepublicfactory.com | Privacy Policy | Interest Based Ads | Your California Privacy Rights | Terms of
Use | Careers | Social Responsibility | About Gap Inc

Americans with Disabilities Act

Gap Factory       Banana Republic Factory



You have been redirected to this page as a result of your search for "1824830010010".



# Factory Colorblock Ponte Sheath

~~$89.99~~ **50% off**

# Now $44.98

**Color: Maroon**



**Size:**

| 0 | 2 | 4 | 6 | 8 | 10 | 12 | 14 |
|---|---|---|---|---|----|----|----|

**FIT & SIZING**                                                                          *SIZE GUIDE*

- Hits at the knee

**Quantity:**

1

## ADD TO BAG

**FABRIC & CARE**

- 66% Rayon, 29% Nylon, 5% Spandex.
- Dry clean.
- Imported.

**PRODUCT DETAILS**

**SHIPPING & RETURNS**

---

## BANANA REPUBLIC FACTORY
### EXCLUSIVE PRODUCTS,
### EXCEPTIONAL SAVINGS
Love what you see?
Find even more great styles in store.

Deals straight to your phone!

TEXT **DEAL** TO **28500**

Receive a coupon &
future offers to your phone!
DETAILS

STORE LOCATOR

CUSTOMER SERVICE

ORDERS & RETURNS

BANANA REPUBLIC CREDIT CARD

EMAIL SIGN UP

SHOP GAP FACTORY

© 2001-2016 BananaRepublicfactory.com | Privacy Policy | Interest Based Ads | Your California Privacy Rights | Terms of Use | Careers | Social Responsibility | About Gap Inc.

Americans with Disabilities Act

Gap Factory      Banana Republic Factory

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 SOUTH BEVERLY DRIVE #725
BEVERLY HILLS, CA 90212

**EXHIBIT B**

CLASS ACTION COMPLAINT

≡  Q

## Order #TQVB4B6
**Ordered on:** March 15, 2016 10.46 PM (EDT) from gapfactory.com
**Status:** In Process

Returns      Order history      Order status help

Order details

### ORDERED BY

Laurie  Munning

*REDACTED*                    8

### Payment method:

*REDACTED*                    ⋮

### SHIPPED TO

Laurie  Munning

*REDACTED*              '8
                        ⋮

### Shipping method:

### SUMMARY OF CHARGES

| | |
|---|---|
| Merchandise | $107.95 |
| Shipping & handling | FREE |
| Tax | $0 00 |
| **Total:** | **$107.95** |

▼  In stock: Available to ship



**Factory multi-stripe swim trunks**
#8870110010002

Color   multi 1cc
Size   XS
Unit price   ~~$24.99~~ $16.99
Qty   1
Cost   $16.99



**Factory Colorblock Ponte Sheath**
#1824830010010

Color   Maroon
Size   10
Unit price   ~~$89.99~~ $44.98
Qty   1
Cost   $44.98



**Factory Dolman Pontielle Sweater**
#1818810110002

Color   Blue fairy
Size   M
Unit price   ~~$54.99~~ $45.98
Qty   1
Cost   $45.98

STORE LOCATOR

CUSTOMER SERVICE

ORDERS & RETURNS

GIFT CARDS

GAP CREDIT CARD

EMAIL SIGN UP

SHOP BANANA REPUBLIC FACTORY

Order Details | Gap Factory

© 1997 - 2016 Gap Inc. | Privacy Policy | Interest Based Ads | Your California Privacy Rights | Terms of Use | Careers | Social Responsibility | About Gap Inc.

Americans with Disabilities Act

CASE NUMBER: CGC-16-552215  LAURIE MUNNING VS. THE GAP, INC. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|  |  |
|---|---|
| **DATE:** | **OCT-26-2016** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610**<br>**400 McAllister Street**<br>**San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.