UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURIE MUNNING,

    Plaintiff,

v.

THE GAP, INC., et al.,

    Defendants.

Case No. 16-cv-03804-TEH

**ORDER RE: OCTOBER 17, 2016 HEARING**

Counsel shall come prepared to address the following questions at the October 17, 2016 hearing on Defendants' Motion to Dismiss ("Mot."):

**Both Parties**

1. Which state's laws should this Court apply when analyzing whether the arbitration provision in the credit card agreement applies to this case?

2. Assuming this Court finds Plaintiff's claims are subject to the arbitration provision in her credit card agreement, how should this Court reconcile the arbitration provision with the forum selection provision on the Defendants' factory website(s)? *See* Decl. of Todd M. Friedman, ¶ 2 (EFC No. 19-1).

**For Plaintiff**

1. You failed to reply to Defendants' arguments regarding Count 1 (violation of state consumer statute), Count 10 (unjust enrichment), injunctive relief, equitable relief, and restitution. *See* Reply at 2-3. Do you agree these claims should be dismissed? If not, why should the Court not dismiss these claims, with prejudice, for failure to respond?

2. Defendants allege you have not sufficiently pleaded an ascertainable loss. Mot. at 20:3-9. What exactly was your loss? Can you show your loss is quantifiable or measurable, rather than merely theoretical?

3. You state that the discount on the three items you purchased from Defendants was a "specific and material term of the contract" between the parties. Opp'n at 22:2-3. Can you cite any legal authority supporting your claim?

4. You state that a description of discounted prices was an express warranty because it "was a part of the basis of the bargain, as it induced Plaintiff to

purchase the items." Opp'n at 22:24-26.  Can you cite any legal authority supporting your claim?

5. Defendants allege the economic loss rule bars your negligent misrepresentation claim because you allege purely economic losses and have not suffered a personal injury or property damage.  Reply at 10:14-17.  Do you concede that you have only suffered an economic harm as a result of your alleged claims?

**For Defendants**

1. You argue extensively that Plaintiff has failed to allege sufficient facts to demonstrate a reasonable consumer is likely to be misled into thinking that the strikethrough amount was the original price of the item.  *See e.g.,* Mot. at 2:20-26; Reply at 5:26-27.  How do you believe a reasonable consumer would interpret the strikethrough amount advertised on your websites?

2. You argue that Plaintiff's claims should be dismissed because they "lump" multiple defendants together and because Plaintiff "fails to state any facts illustrating each defendant's involvement in the allegedly false advertising practices."  Reply at 3-4.  How exactly could the Plaintiff or an average consumer obtain knowledge of the each defendant's involvement in the alleged practices?

3. You argue "Plaintiff's claim should be dismissed because they are subject to the arbitration provision in her Banana Republic Visa card agreement."  Mot. at 22:15-16.  Are you asking the Court to dismiss Plaintiff's claims or to compel arbitration?  Does your burden vary depending on whether you seek dismissal or arbitration?

4. Assuming the Court finds Defendants can enforce the arbitration agreement, why exactly are Plaintiff's claims "related to" the Plaintiff's account?  Doesn't the fact that Plaintiff's allegations against Defendants are not dependent on her method of payment show that her claims against Defendant are unrelated to her credit card account?

**IT IS SO ORDERED.**

Dated: 10/13/16

_____
THELTON E. HENDERSON
United States District Judge

2