UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURIE MUNNING,

          Plaintiff,

    v.

THE GAP, INC., et al.,

          Defendants.

Case No.16-cv-03804-TEH

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

On January 9, 2017, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint ("Mot.") (ECF No. 44). Plaintiff timely opposed the motion ("Opp'n") (ECF No. 47) and Defendants timely replied ("Reply") (ECF No. 48). The Court heard oral arguments on the motion on February 13, 2017. After carefully considering the parties' written and oral arguments, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for the reasons set forth below.

**I. BACKGROUND**

The following factual allegations are taken from Plaintiff's First Amended Complaint ("FAC"), unless otherwise stated, and are therefore accepted as true for the purposes of this motion. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Defendants are for-profit entities that sell apparel and other personal items in retail stores and online. Plaintiff Laurie Munning is a citizen of New Jersey. In March 2016, Plaintiff purchased three clothing items from the Defendants' websites: one pair of swim trunks from the Gap Factory retail website, and one dress and one sweater from the Banana Republic Factory website.[1] Each of these items was advertised as being on sale.[2] For example, the price of the swim trunks appeared as follows:

---

[1] The Gap Factory and Banana Republic Factory websites (www.gapfactory.com and www.bananarepublicfactory.com, respectively) allow a consumer to browse and select items from

1    ~~$24.99~~ **32% off**

2    **Now $16.99**

3    Plaintiff alleges the prices she paid for the three products remained unchanged for the

4    entire week following her purchase.  One month after her purchase, the price of the swim

5    trunks slightly increased to $17.99, while the price of the dress still remained unchanged.[3]

6    Consequently, the Plaintiff alleged "upon information and belief" that the three items she

7    purchased "were never sold or offered for sale at the non-discounted, base prices listed on

8    Defendants' websites . . . . Rather, the items were always sold and offered for sale at a

9    price at or near the purported 'sale' price that Plaintiff paid."  Moreover, Plaintiff alleges

10   these actions were part of a "uniform policy" and "systematic scheme" which Defendants

11   knowingly implemented to defraud purchasers.

12         Plaintiff brought this putative class action against Defendants challenging the

13   Defendants' advertising, marketing, and sales practices on the online Gap Factory and

14   Banana Republic Factory store websites.  Plaintiff initially brought eleven claims for relief

15   against the Defendants: (1) Violations of State Consumer Protection Statutes; (2) Violation

16   of the California Legal Remedies Act ("CLRA"); (3) Violation of the California Unfair

17   Competition Law ("UCL"); (4) Violation of California's False Advertising Law ("FAL");

18   (5) Violation of the New Jersey Consumer Fraud Act ("NJCFA"); (6) Violation of the New

19   Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"); (7) Breach

20   of Contract; (8) Breach of Contract under Implied Covenant of Good Faith and Fair

21   Dealing; (9) Breach of Express Warranty; (10) Unjust Enrichment; and (11) Negligent

22   Misrepresentation.

23         Ruling on the Defendants' first motion to dismiss, this Court dismissed claims 1, 8,

24   10, and 11, with prejudice.  *See* ECF No. 29 ("Order") at 27.  In the same Order, the Court

25   also dismissed the following claims without prejudice: Claims 2, 5, 6, and claims for

26

27   both websites and to pay for the products in a single transaction.
[2] The swimming trunks were priced at $16.99 (32% off); the sweater was priced at $45.98 (16%

28   off); and the dress was priced at $44.98 (50% off).
[3] Plaintiff did not mention if the price of the sweater changed at this point in time.

United States District Court
Northern District of California

United States District Court
Northern District of California

restitution and injunctive relief. *Id.* Since then, Plaintiff amended her complaint, *see* ECF No. 41, and Defendants filed a second motion to dismiss, ECF No. 44.

In the present motion, Defendants seek to dismiss Claim 2 – a violation of the CLRA; Claim 5 – a violation of the NJCFA; Claim 6 – a violation of the TCCWNA; and Plaintiff's claims for equitable remedies, including restitution and injunctive relief. Mot. at 1:9–14.

## II. LEGAL STANDARD

### 1. Federal Rules of Civil Procedure 12(b)(6) and 9(b)

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Specifically, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted). Dismissal of claims that fail to meet this standard should be with leave to amend, unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296, 1298 (9th Cir. 1998).

In addition, fraud claims are subject to a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Allegations of fraud must state "the who, what, when, where, and how" of the misconduct charged, as well as "what is false or misleading

about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  Such allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted).

## III. DISCUSSION

### 1. Plaintiff has a Valid CLRA Claim

Initially, Defendants argued in their briefs that Plaintiff's CLRA claim should be dismissed because Plaintiff did not file a venue affidavit as required by section 1780(d) of the CLRA.  Mot. at 14:16–18.  Plaintiff, however, has since filed a venue affidavit pursuant to the statute.  *See* ECF No. 46.  Also, during oral arguments, Defendants agreed they were no longer contesting this claim.  Accordingly, Defendants' motion to dismiss Plaintiff's CLRA claim is DENIED.

### 2. Plaintiff has Sufficiently Stated an NJCFA Claim

To state a valid NJCFA claim, a plaintiff must allege sufficient facts to demonstrate: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the defendant's unlawful conduct and plaintiff's ascertainable loss.  *Int'l Union of Operation Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 389 (2007).  In addition, the Supreme Court of New Jersey has clarified that the NJCFA is remedial legislation that should be "construe[d] liberally to accomplish its broad purpose of safeguarding the public." *Furst v. Einstein Moomjy, Inc.*, 182 N.J. 1, 11–12 (2004).

Previously, the Court found Plaintiff sufficiently pled the "unlawful conduct" element of her NJCFA claim.  *See* Order at 11:5–9 ("By alleging that products on Defendants' websites listed crossed-out prices followed by a percentage discount and a new price, Plaintiff has provided enough facts such that it is plausible a reasonable consumer could view the prices as being deceptive.").  Ultimately, however, the Court dismissed Plaintiff's NJCFA claim finding that Plaintiff "failed to plead an ascertainable

United States District Court
Northern District of California

loss" because her complaint merely stated a conclusory allegation that she had suffered an ascertainable loss, and because she was unable to show her loss was 'quantifiable or measurable, rather than merely theoretical.'" *Id.* at 13:14–14:1.

An ascertainable loss occurs when "a consumer receives less than what was promised." *Arcand v. Brother Int'l. Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009) (citation omitted). The NJCFA "does not require that the [ascertainable] loss be monetary nor that it [] be plead beyond a reasonable degree of certainty", *id.*, however, New Jersey courts require "the consumer to quantify the difference in value between the promised product and the actual product received." *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 541 (D.N.J. 2011). There are generally two methods through which a plaintiff may show an ascertainable loss: (1) the benefit-of-the-bargain rule, or (2) the out-of-pocket rule." *Dicuio v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 112047, at *19 (D.N.J. Aug. 9, 2012). The out-of-pocket rule "applies when a plaintiff can demonstrate that he paid money, and is now, out-of-pocket," and the benefit-of-the-bargain rule applies when a plaintiff "seeks to recoup what it will cost him to replace what he reasonabl[y] believed he was purchasing." *Id.* at 19–20.

Defendants suggest that Plaintiff has not succeeded in amending her claims to show an ascertainable loss because she "pleads no new facts in the FAC to establish [it]." Reply at 2. While it appears true that Plaintiff has not pleaded any new facts, she clearly has amended her pleading to attempt to show how her loss was quantifiable. *Compare* ECF No. 1-1 ("Complaint") ¶ 159 (merely alleging Plaintiff "suffered an ascertainable loss of money"), *with* FAC ¶¶ 152–61 (explaining the amount of her ascertainable loss). Additionally, Defendants claim Plaintiff cannot show an ascertainable loss under either the out-of-pocket or benefit-of-the-bargain method. *Id.* The Court turns to address whether Plaintiff's allegations support an ascertainable loss.

### a. Plaintiff Has Sufficiently Alleged an Ascertainable Loss Under the Out-of-Pocket Method

United States District Court
Northern District of California

1      Plaintiff argues she has shown she suffered an out-of-pocket loss because her FAC

2   plainly states she paid Defendants $107.95 "in reliance on the false statements made by

3   Defendants, and that she would not have paid Defendants any money but for those false

4   statements."  Opp'n at 8:12–16 (citing FAC ¶ 159).  In support of this assertion, Plaintiff

5   cites three cases: *Lee v. Carter-Reed Co., LLC*, 203 N.J. 496, 528 (2010) (finding an out-

6   of-pocket loss where plaintiff purchased bottles of "worthless" dietary supplement pills);

7   *Hammer v. Vital Pharm., Inc.*, 2012 U.S. Dist. LEXIS 40632, at *23–24 (D.N.J. 2012)

8   (finding an out-of-pocket loss where plaintiff purchased a "dietary supplement" that

9   contained synthetic compound, and where plaintiff stated he would not have purchased the

10   product but for seller's misrepresentations); and *Brother*, 2012 U.S. Dist. LEXIS 112047,

11   at *24 (finding an out-of-pocket loss where plaintiffs expended funds to purchase

12   additional color toner cartridges to replace non-exhausted cartridges and where plaintiffs

13   stated they would not have purchased them but for seller's misrepresentations).

14      Defendants, on the other hand, argue Plaintiff has not shown an out-of-pocket loss

15   because, unlike the plaintiffs in *Lee* and *Hammer* who alleged the products they purchased

16   were worthless, Plaintiff has not alleged that the products she received were worthless.

17   Reply at 3:14–16.  Yet, while these two cases could be distinguishable on that point,

18   Defendants failed to adequately address *Brother*, 2012 U.S. Dist. LEXIS 112047, at *19,

19   where the court found the plaintiffs had sufficiently pled an out-of-pocket loss despite the

20   purchased toner cartridges having no defects.  In other words, *Brother* supports Plaintiff's

21   proposition that an out-of-pocket loss can occur even where a plaintiff is misled into

22   purchasing something of value.[4]  In light of the instruction that the NJCFA "be construed

23   liberally to accomplish its broad purpose of safeguarding the public," *Furst*, 182 N.J. at 11,

24

25

26   _____

27   [4] Defendants also attempted to distinguish *Brother* by asserting that the Third Circuit eventually
   found that the plaintiffs failed to prove they suffered an ascertainable loss under the NJCFA.  *See*
   *DiCuio v. Brother Int'l Corp.*, 653 F. App'x 109, 112–14 (3d Cir. 2016).  While the court did
28   eventually find that the plaintiffs in that case failed to prove an ascertainable loss, this does not
   preclude the Court from finding that the Plaintiff here sufficiently pled an ascertainable loss.

the Court finds Plaintiff has sufficiently alleged an ascertainable loss under the out-of-pocket rule.

Because the Court finds Plaintiff has sufficiently alleged an ascertainable loss through the out-of-pocket method, the Court need not, and does not, analyze whether Plaintiff plausibly showed an ascertainable loss under the benefit-of-the-bargain rule.

### b.  Plaintiff has Sufficiently Pled the Causal Relationship Element

As stated above, the third element of the NJCFA requires a causal relationship between the defendant's unlawful conduct and plaintiff's ascertainable loss.  Here, Plaintiff asserts she "would not have made any purchase from Defendants' website at all on the day in question but for the false promise by Defendants that she was receiving discounted merchandise . . . ."  FAC ¶ 159.  Thus, this element is satisfied.

Accordingly, because Plaintiff satisfies the elements of an NJCFA claim, Defendant's motion to dismiss this claim is DENIED.

### 3.  Plaintiff has Sufficiently Alleged a TCCWNA Claim

In order to bring a claim under the New Jersey TCCWNA, a plaintiff must show: (1) the plaintiff is a consumer; (2) the defendant is a seller; (3) the defendant gives or displays any written consumer notice or sign; and (4) the notice or sign includes a provision that violates any clearly established legal right of a consumer or responsibility of a seller."  *See Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 135 (3d Cir. 2014). Previously, the Court dismissed Plaintiff's TCCWNA claim, finding that Plaintiff failed to demonstrate a violation of a "clearly established legal right."  Order at 14:17–19.

Defendants argue Plaintiff's TCCWNA claim still cannot survive a motion to dismiss because she has failed to establish a predicate violation of a clearly established right.  *See* Reply at 5:6–8:7.  However, as stated above, Plaintiff has sufficiently alleged a violation of the NJCFA.  *See supra* Section III.2.  Although Plaintiff failed to expressly mention an alleged violation of the NJCFA in support of her TCCWNA claim, *see* FAC ¶¶ 162–170, Plaintiff incorporated the violation by reference, *see id.* ¶ 162.  Thus, Plaintiff's NJCFA claim may serve as the predicate violation for a TCCWNA claim.  *See Neilson v.*

*Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1143–44 (C.D. Cal. 2003) (allowing earlier incorporated factual allegations to support a later claim).

Because "New Jersey courts have held that a [NJ]CFA violation constitutes a violation of a 'clearly established legal right' for TCCWNA purposes," *Martina v. LA Fitness Intern., LLC*, No. 12-2064(WHW), 2012 WL 3822093, at *4 (D.N.J. Sept. 4, 2012), the Court finds Plaintiff has a valid TCCWNA claim.[5] *See also Dugan v. TGI Friday's, Inc.*, No. L-0126-10, 2011 WL 5041391, at *8 (N.J. Super. Ct. App. Div. Oct. 25, 2011) (finding a sufficient allegation of the NJCFA supports a potential violation of the TCCWNA); *Bosland v. Warnock Dodge, Inc.*, 933 A.2d 942, 949 (N.J. Super. Ct. App. Div. 2007) (same).

Accordingly, Defendant's motion to dismiss Plaintiff's TCCWNA claim is DENIED.

### 4. Availability of Equitable Relief

Lastly, Defendant's seek dismissal of Plaintiff's claims for equitable remedies for three main reasons. First, Defendant's argue Plaintiff has no claim for restitution "because she alleges no facts that the clothing she purchased was worth less than what she paid." Reply at 9:4–6. Second, Defendant's argue Plaintiff has no standing to pursue injunctive relief because "she now has knowledge of the alleged deceptive practice and will not suffer any 'irreparable injury.'" *Id.* at 9:6–8. And third, Defendants argue Plaintiff cannot seek equitable relief "because she may have an adequate remedy at law and her claims for equitable relief rely on the same facts as her claims for damages." *Id.* at 9:8–10. Because the Court's conclusion on Defendant's third argument may render the first and second argument moot, the Court turns to address it first.

---

[5] During oral arguments, Defendants suggested that even if the Court were to find Plaintiff adequately pleaded an NJCFA claim – which the Court has – the NJCFA claim would not support a TCCWNA claim because the Third Circuit explained in *Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 135 (3d Cir. 2014) that the TCCWNA "cover[s] only the inclusion of illegal provisions, and not omissions." But this argument is wide of the mark because Plaintiff's NJCFA claim alleges that Defendants affirmatively misrepresented product prices. *See, e.g.,* FAC ¶¶ 141, 146. In sum, Plaintiff's TCCWNA claim does not entirely rely on alleged omissions.

United States District Court
Northern District of California

United States District Court
Northern District of California

### a. Plaintiff's Claims for Equitable Damages Are Precluded Here

The Supreme Court has stated "it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief." *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992); *accord Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996). Consequently "[a] plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015). Indeed, several courts in this district have barred claims for equitable relief – including claims for violations of California consumer protection statutes – at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law. *See, e.g., Zapata Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (dismissing claims for equitable relief under the CLRA, UCL, and FAL because plaintiff pled five other claims which presented her an adequate remedy at law); *Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2016 WL 3753109, at *7 (N.D. Cal. July 14, 2016) (dismissing UCL claim where plaintiff had an adequate remedy at law in her other claims, including a breach of contract claim); *Gardner v. Safeco Ins. Co. of Am.*, No. 14-cv-02024, 2014 WL 2568895, at *7–8 (N.D. Cal. June 6, 2014) (same). It matters not that a plaintiff may have no remedy if her other claims fail. *Rhynes v. Stryker Corp.*, No. 10–5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.").[6]

---

[6] There are also some cases supporting Plaintiff's argument that she can seek both equitable relief under the UCL and money damages at the same time. However, the Court finds these cases to be unpersuasive. While the court in *Allied Grapes Growers v. Bronco Wine Co.* 203 Cal. App. 3d 432, 453–54 (1988) rejected a defendant's argument that the plaintiff was not entitled to obtain equitable relief under the UCL where there was an adequate remedy at law, this case is directly contrary to more recent case law on the same issue. *See, e.g., Prudential Home Mortgage Co., Inc. v. Sup. Ct.*, 66 Cal. App. 4th 1236, 1249–50 (1998) (holding statutory relief under the UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy."). Plaintiff also cited several cases for the proposition that she can seek restitution under the UCL while seeking damages for her breach of contract of breach and breach of express warranty claims. *See* Opp'n at 22:5–21 (citing *Ewert v. Ebay, Inc.* 2010 WL 4269259 (N.D. Cal. Oct. 25, 2010); *In re Facebook PPC Adver. Litig.*, 2010 U.S. Dist. LEXIS 87769 (N.D. Cal. Aug. 25, 2010; *Boland,*

United States District Court
Northern District of California

Here, the parties do not dispute that the UCL and FAL provide for only equitable relief.  *See Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015).  But Defendants argue Plaintiff's claims for equitable relief must be dismissed because Plaintiff is entitled to an adequate legal remedy.  That is, because the Court has found Plaintiff has sufficiently pleaded claims for breach of contract and breach of express warranty – which allow her to recover damages – Defendants argue Plaintiff cannot seek restitution or injunctive relief under the UCL or FAL.  *See* Reply at 12:18–13:2.  In light of the numerous legal authorities stated above, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims for equitable relief, including Plaintiff's UCL and FAL claims.[7]  Because no amendment can cure this deficiency, the claims are dismissed WITH PREJUDICE.

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Defendants' Motion WITH PREJUDICE as to Plaintiff's claims for equitable relief, including Plaintiff's UCL and FAL claims; and DENIES Defendants' motion as to Plaintiff's CLRA, NJCFA, and TCCWNA claims.

**IT IS SO ORDERED.**

Dated: 2/24/17

_____
THELTON E. HENDERSON
United States District Judge

---

*Inc. v. Rolf C. Hagan (USA) Corp.*, 685 F. Supp. 2d 1094, 1110 (E.D. Cal. 2010); *Jefferson v. Chase Home Fin.*, 2007 U.S. Dist. LEXIS 94652 (N.D. Cal. Dec. 14, 2007)).  But these cases did not directly address the pertinent issue: whether a plaintiff can seek equitable relief when the plaintiff has an equitable remedy at law.  Lastly, although the court in *James v. UMG Recordings*, 2011 U.S. Dist LEXIS 126221, at *17 n. 3 (N.D. Cal. 2011) allowed the plaintiffs to seek equitable relief under the UCL while seeking damages for a breach of contract claim, it did so in a footnote, without citing any case law.
[7] Even though the Court allowed Plaintiff's UCL and FAL claims to survive Defendants' first motion to dismiss, *see* Order at 10:4–12:2, the Court is persuaded by Defendants' arguments regarding equitable remedies that these statutory claims warrant dismissal in the present order.