|   |   |
|---|---|
| LAURIE MUNNING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE GAP, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-03804-TEH<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

This matter came before the Court on May 18, 2017 for a hearing on Plaintiff Munning's motion for clarification (ECF No. 60) ("Mot."). Specifically, Plaintiff seeks "an order clarifying that the Court's ruling on February 24, 2017 does not prevent Plaintiff from continuing to seek injunctive relief as part of her claim under the New Jersey Consumer Fraud Act." Mot. at 1:1–4. Defendants timely opposed the motion (ECF No. 63) ("Opp'n"), and Plaintiff timely replied (ECF No. 64) ("Reply"). After carefully considering the parties' written and oral arguments, the Court hereby DENIES Plaintiffs' motion for clarification.

## I. BACKGROUND

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts.

Defendants are for-profit entities that sell apparel and other personal items in retail stores and online. ECF No. 41 ("FAC") ¶¶ 11–21. In March 2016, Plaintiff purchased three clothing items from the Defendants' websites: one pair of swim trunks from the Gap Factory retail website, and one dress and one sweater from the Banana Republic Factory website.[1] *Id.* ¶¶ 47–52. Each of these items was advertised as being on sale.[2] *Id.* For example, the price of the swim trunks appeared as follows:

---

[1] The Gap Factory and Banana Republic Factory websites (www.gapfactory.com and www.bananarepublicfactory.com, respectively) allow a consumer to browse and select

> ~~$24.99~~ **32% off**
>
> **Now $16.99**

*Id.* ¶ 48. Plaintiff alleges the prices she paid for the three products remained unchanged for the entire week following her purchase. *Id.* ¶ 55. One month after her purchase, the price of the swim trunks slightly increased to $17.99, while the price of the dress still remained unchanged.[3] *Id.* ¶ 56. Consequently, the Plaintiff alleged "upon information and belief" that the three items she purchased "were never sold or offered for sale at the non-discounted, base prices listed on Defendants' websites . . . . Rather, the items were always sold and offered for sale at a price at or near the purported 'sale' price that Plaintiff paid." *Id.* ¶ 57. Moreover, Plaintiff alleges these actions were part of a "uniform policy" and "systematic scheme" which Defendants knowingly implemented to defraud purchasers. *Id.* ¶ 62.

Plaintiff brought this putative class action against Defendants challenging the Defendants' advertising, marketing, and sales practices on the online Gap Factory and Banana Republic Factory store websites. Plaintiff initially brought eleven claims for relief against the Defendants: (1) Violations of State Consumer Protection Statutes; (2) Violation of the California Legal Remedies Act ("CLRA"); (3) Violation of the California Unfair Competition Law ("UCL"); (4) Violation of California's False Advertising Law ("FAL"); (5) Violation of the New Jersey Consumer Fraud Act ("NJCFA"); (6) Violation of the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"); (7) Breach of Contract; (8) Breach of Contract under Implied Covenant of Good Faith and Fair Dealing; (9) Breach of Express Warranty; (10) Unjust Enrichment; and (11) Negligent Misrepresentation. *Id.* at 15–31.

Ruling on the Defendants' first motion to dismiss, this Court dismissed claims 1, 8, 10, and 11 with prejudice. ECF No. 29. In the same Order, the Court also dismissed

---

items from both websites and to pay for the products in a single transaction. FAC ¶ 19.
[2] The swimming trunks were priced at $16.99 (32% off); the sweater was priced at $45.98 (16% off); and the dress was priced at $44.98 (50% off). FAC ¶¶ 48–51.
[3] Plaintiff did not mention if the price of the sweater changed at this point in time.

1  claims 2, 5, 6, and claims for restitution and injunctive relief without prejudice. *Id.*
2  Plaintiff amended her complaint, *see* ECF No. 41, and Defendants filed a second motion to
3  dismiss, *see* ECF No. 44, seeking to dismiss claims 2, 5, 6, and Plaintiff's claims for
4  restitution and injunctive relief.[4] In ruling on Defendants' second motion to dismiss, the
5  Court denied Defendants' motion to dismiss claims 2, 5, and 6, but the Court granted
6  Defendants' motion to dismiss Plaintiff's claims for equitable relief, which included
7  Plaintiff's UCL and FAL claims.[5] ECF No. 56 ("Order") at 10. More specifically, the
8  Court found Plaintiff had sufficiently pled a violation of the NJCFA, but the Court also
9  dismissed plaintiff's claims for equitable relief based on the recognized principle in this
10 district that a plaintiff seeking equitable relief must establish that there is no adequate
11 remedy at law available. Order at 4–5, 9–10.

During a recent Case Management Conference, the parties raised the current dispute: whether the Court's prior February 24, 2017 Order dismissed Plaintiff's claim for injunctive relief under the NJCFA. The Court instructed the parties to submit briefing on the matter.

**II. DISCUSSION**

**1. Plaintiff's Motion is Procedurally Proper**

As an initial matter, the Court shall address Defendants' procedural arguments. Defendants oppose Plaintiff's motion as an improper motion for reconsideration. *See* Opp'n at 3–4. However, as mentioned above, during the parties' case management conference on March 20, 2017, the Court expressly instructed the Plaintiff to submit her motion and for the parties to brief the matter. Accordingly, Plaintiff's motion is proper.

---

[4] Defendants' motion to dismiss sought dismissal of Plaintiff's "requests for restitution and injunctive relief, as well as Plaintiff's claims under the California [UCL] and [FAL] (which only allow for equitable remedies), and [Plaintiff's] request for injunctive relief under the NJCFA." ECF No. 44-1 at 3:1–4.
[5] These claims were dismissed because a plaintiff can only recover equitable relief under the UCL and FAL. *See Duttweiler v. Triumph Motorcycles (Am.) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 18, 2015).

3

## 2. Plaintiff Fails to Distinguish the NJCFA from other California Consumer Protection Statutes

The crux of the parties' dispute is whether the Court's February 24, 2017 Order ("Order") precludes Plaintiff from seeking injunctive relief under the NJCFA. In that Order, the Court denied Defendants' motion to dismiss Plaintiff's NJCFA claim. Order at 4–7. This was because the Court found Plaintiff has sufficiently pled the elements of an NJCFA claim: 1) unlawful conduct; 2) an ascertainable loss, under the out-of-pocket method; and 3) causation. *Id.* However, at the same time, the Court also granted "Defendants' motion to dismiss Plaintiff's claims for equitable relief, including Plaintiff's UCL and FAL claims." Order at 10:9–10. This was based on the legal principle – which has been widely recognized in this District – that "[a] plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16. In dismissing Plaintiff's claims for injunctive relief, the Court relied on several cases in this district which have dismissed claims for equitable relief under the CLRA, UCL, and FAL, when a plaintiff had an adequate remedy at law – i.e., monetary damages. *See* Order at 9.[6]

Plaintiff argues the Court's Order should not preclude her from seeking injunctive relief under the NJCFA. This is because the Court recognized that Plaintiff had pleaded a viable claim under the NJCFA, which included a claim for injunctive relief. Mot. at 3:4–26 (citing First Amended Complaint ¶¶ 160–61).[7] Plaintiffs also support their position by

---

[6] The Court cited the following cases: *Zapata Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (dismissing claims for unjust enrichment and equitable relief under the CLRA, UCL, and FAL because plaintiff pled five other claims which presented her an adequate remedy at law); *Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2016 WL 3753109, at *7 (N.D. Cal. July 14, 2016) (dismissing UCL claim where plaintiff had an adequate remedy at law in her other claims, including a breach of contract claim); *Gardner v. Safeco Ins. Co. of Am.*, No. 14-cv-02024, 2014 WL 2568895, at *7–8 (N.D. Cal. June 6, 2014) (dismissing UCL claim where plaintiff had an adequate remedy at law in two contract claims).

[7] These paragraphs state the following:
    160. Plaintiff would purchase items from Defendants' website in the future if she could be confident that the purported % "off" discounts and purported price comparisons listed on that website were truthful and accurate.
    161. Pursuant to N.J.S.A. 56:8-19 of the NJCFA, Plaintiffs seeks [sic], inter alia,

4

citing to New Jersey courts, which have recognized that the NJCFA allows a plaintiff to recover both monetary damages and injunctive relief in the same action. Mot. at 2:2–3:3 (citing *D'Agostino v. Maldonado*, 78 A.3d 527, 537 (N.J. 2013) and *Laufer v. U.S. Life Ins. Co. in City of N.Y.*, 896 A.2d 1101, 1109 (N.J. Super. Ct. App. Div. 2006)). Lastly, Plaintiff argues that the cases the Court relied on to "interpret[] the requirements of injunctive relief under the FAL, the UCL and the CLRA, do not apply to claims under the NJCFA," because "[c]ontrary to these California statutes and the cases interpreting those statutes, a litigant bringing a NJCFA claim is allowed to seek and obtain both injunctive relief and monetary damages in the same action." Mot. at 5:3–8.

However, as Plaintiff acknowledges, and as the Court's prior order reflects, this principle has also been applied to bar claims for injunctive relief under the CLRA when a plaintiff has also sought to recover monetary damages. *See, e.g., Philips*, 2015 WL 4111448, at *16 ("To the extent California Plaintiffs assert a claim for injunctive relief in addition to damages under the CLRA . . . that too is dismissed for the same reasons."); *Nguyen v. Nissan N. Am., Inc.,* No. 16-cv-05591-LHK, 2017 WL 1330602, at *5 (N.D. Cal. Apr. 11, 2017) (dismissing Plaintiff's claim for injunctive relief under the CLRA when Plaintiff also sought damages under the CLRA and other California statutes). And, like the NJCFA, which has been recognized as allowing a plaintiff to recover both damages and equitable remedies, the CLRA has also been recognized as allowing a plaintiff to recover both monetary damages and equitable relief. *See, e.g., Gonzales v. Car Max Auto Superstores, LLC*, 845 F.3d 916, 918 (9th Cir. 2017) ("In addition to actual and punitive damages, the CLRA explicitly authorizes injunctive relief, restitution, and any other relief that the court deems proper.") (brackets and internal quotation marks omitted); *Zapata Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-LHK, 2016 WL 4698942, at *8 (same); *California Grocers Ass'n v. Bank of Am.*, 22 Cal. App. 4th 205, 217 (1994) (same). Thus, the fact that New Jersey courts have recognized that a plaintiff can seek both

---

actual damages, treble damages and injunctive relief for herself and the New Jersey sub-classes.

5

monetary damages and injunctive relief under the NJCFA does not sufficiently distinguish it from the CLRA – the principle has been applied to preclude injunctive relief under the CLRA which also allows a plaintiff to recovery both monetary damages and injunctive relief. Moreover, this principle is in keeping with the Ninth Circuit's instruction that "equitable relief is not appropriate where an adequate remedy exists at law. *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *see also Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996) ("It is a basic doctrine if equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law."). In sum, Plaintiff's attempts to distinguish the NJCFA from other California consumer protection statutes are simply unpersuasive.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for an order clarifying that she may seek injunctive relief under her NJCFA claim.

**IT IS SO ORDERED.**

Dated: 6/1/2017   _____
THELTON E. HENDERSON
United States District Judge

6